09-4941-ag
Lin v. Holder

BIA
Rohan, IJ
A094 803 537

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand ten.

PRESENT:
>JOSEPH M. McLAUGHLIN,
>GUIDO CALABRESI,
>PETER W. HALL,
>>*Circuit Judges.*

_____

YI MEI LIN,
>*Petitioner,*

>v.                                          09-4941-ag
>                                            NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yi Mei Lin, a native and citizen of the People's Republic of China, seeks review of a November 6, 2009, order of the BIA affirming the January 30, 2008, decision of Immigration Judge ("IJ") Patricia A. Rohan, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Mei Lin*, No. A094 803 537 (B.I.A. Nov. 6, 2009), *aff'g* No. A094 803 537 (Immig. Ct. N.Y. City Jan. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. The IJ's adverse credibility finding was based, in part, on several discrepancies among statements in Lin's credible fear interview, written asylum application, testimony, and corroborating evidence. Specifically, Lin stated during her credible fear interview that she left China solely because a man threatened to force her into marriage as repayment for her family's debt and that she had no other problems in China, omitting her claims later raised before the IJ that: (1) the man who threatened to force her into marriage also threatened to report her to the authorities for having harbored a Falun Gong fugitive; and (2) she feared persecution based on her support for Falun Gong. Second, Lin's asylum application and supporting letters stated that Lin was arrested and beaten in April 2000 because she had spoken publicly against the Chinese government's treatment of Falun Gong practitioners. However, Lin contradicted these statements by initially testifying that she never spoke publicly in support of Falun Gong, and then by changing her testimony to state that she only spoke publicly in support of Falun Gong before it was outlawed in July 1999. Because the IJ was entitled to rely on any discrepancy in finding Lin not credible, the IJ

3

properly relied on these inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3. Furthermore, the IJ reasonably declined to credit Lin's explanation that she testified inconsistently as to whether she spoke publicly against the Chinese government's treatment of Falun Gong practitioners because she misunderstood the line of questioning. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Accordingly, considering the totality of the circumstances, the IJ's adverse credibility determination was supported by substantial evidence and she did not err in denying Lin's asylum application insofar as it was based on Lin's claimed support of Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the IJ reasonably found Lin not credible as to her claim of a well-founded fear of persecution for supporting Falun Gong, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief insofar as those claims were based on the same

4

factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Lin does not challenge the IJ's additional findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk